■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY BARNES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment of conviction of two counts of murder in the second degree following a trial without a jury. This is the third appeal before us involving the same incident. On prior appeals we affirmed the judgments of conviction of Robert Shedrick and Wanda Shedrick for the murders of the same victims and in both cases the Court of Appeals affirmed *(People v Shedrick,* 104 AD2d 263, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758; *People v Shedrick,* 106 AD2d 895, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758).

By motion returnable on June 14, 1988 defendant moved, *pro se,* to remove his assigned counsel and for the appointment of new counsel on the ground that he wished to raise on appeal the issue of whether counsel, who had served as his trial counsel, rendered ineffective assistance at the trial by advising him to waive a jury. After review of the trial record, we denied the motion. On the record before us, defendant stated that he desired to waive a trial by jury. A waiver of a jury trial was signed and sworn to by defendant before the Trial Judge on February 4, 1982. The transcript of the court proceeding shows that, before defendant signed the waiver in the presence of the Trial Judge, the Judge informed defendant that he had a constitutional right to a jury trial, that he could be convicted only by a unanimous verdict of the jurors, and that by signing the waiver he would be giving up his right to a jury trial. Defendant stated that he understood his right, that no one had forced or threatened him in any way to waive it, and that he was doing so after completely discussing the case with his attorney. The transcript also shows that, after defendant discussed the matter with his attorney, he had the weekend to consider his decision. This waiver took place one month before trial and there was never a motion to withdraw. There is nothing in the record on appeal that would raise a colorable issue of ineffective assistance of trial counsel based on defendant's waiver of a jury trial. If defendant can demon-

strate facts, not recited in the record, that would raise such issue, that issue can be pursued by motion pursuant to CPL 440.10 *(see, People v Rivera,* 71 NY2d 705, 709). On such motion before the trial court, that court may appoint counsel.

We reject defendant's contention that the court's verdict was against the weight of the evidence. The testimony of accomplice Edward Ames stating his observations at the murder scene, together with the testimony of two witnesses concerning defendant's admissions and the physical evidence of the death of the victims, provided proof beyond a reasonable doubt of defendant's guilt. Weighing " 'the relative probative force of conflicting testimony [including the testimony given by defendant and his alibi witnesses] and the relative strength of conflicting inferences that may be drawn from the testimony' " *(People v Bleakley,* 69 NY2d 490, 495, quoting *People ex rel. MacCracken v Miller,* 291 NY 55, 62), we conclude that the weight of the evidence supports the verdict of the court.

Although defendant asserts that appellate counsel did not have the record of pretrial proceedings in preparing the appeal, this court, *sua sponte,* has reviewed the entire record and finds no errors that would require reversal. (Appeal from judgment of Steuben County Court, Cicoria, J.—murder, second degree; robbery, first degree; burglary, first degree; conspiracy, fourth degree.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ. (Order entered Aug. 17, 1988.)