■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD SHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.),

rendered July 10, 1986, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was denied the effective assistance of counsel because his trial attorney refused the court's offer to hold a *Bruton* hearing *(see, Bruton v United States,* 391 US 123) to determine whether the codefendant's confession implicating him should be suppressed or redacted or whether there should be a severance. Defense counsel stated that in order to prove his theory of the crime, that the victim had been murdered by the codefendant in a jealous rage, he wanted the codefendant's statements introduced into evidence. We find, based on the evidence adduced at trial, that the strategy was logical albeit unsuccessful. "It is not for this court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as [the] defendant was afforded meaningful representation" *(People v Satterfield,* 66 NY2d 796, 799-800). The defendant's trial counsel provided him with "meaningful representation" within the context of *People v Baldi* (54 NY2d 137) and *Strickland v Washington* (466 US 668; *see also, People v Harris,* 109 AD2d 351, 361).

We also find the defendant's sentence to be justified in light of his prior record and the nature of the crime *(see, People v Suitte,* 90 AD2d 80, 85-87). Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.