◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN HOWELL, Appellant. [615 NYS2d 728] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Aison, J.), rendered August 24, 1992, convicting him, of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Before jury selection, the defendant told the court that he wished to replace his third court-appointed lawyer or to proceed *pro se.* After extensively warning the defendant of the dangers of proceeding *pro se* and attempting to discover the reason why the defendant wanted to replace his attorney, the court eventually permitted the defendant to proceed *pro se.*

The following day, however, on the eve of trial, the defendant told the court that he could not represent himself and again requested that new counsel be appointed. The defendant did not articulate any legitimate reason for replacing his third lawyer with yet another lawyer. The court refused to appoint a fourth lawyer, and offered the defendant a choice: he could proceed *pro se* or the court would recall the third lawyer to represent him. The defendant again stated that he would not consent to have this lawyer represent him. The defendant also refused the court's repeated offers to appoint this lawyer standby counsel to answer any questions the defendant had, and to act as his legal advisor.

Following a recess in the voir dire of the jury panel, the defendant refused to return from the holding cell to participate in jury selection. The court visited the defendant in the holding cell and, on the record, urged him to appear in the courtroom, and admonished him that the trial would proceed in his absence. The defendant steadfastly refused to appear, and also rejected the court's offer to supply him with video

coverage of the trial. The trial proceeded, and the jury found the defendant guilty of all charges. We affirm.

The defendant had a constitutional right to proceed *pro se* *(see, Faretta v California,* 422 US 806, 835; *People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178). We agree with the People that the court sufficiently warned the defendant of the dangers of proceeding *pro se (see, People v Sawyer, supra,* at 12), and that the defendant was not entitled to have a fourth court-appointed attorney replace the third *(see, People v Arroyave,* 49 NY2d 264, 271). It is well established that a defendant may not manipulate the right to counsel for purposes of delaying and disrupting the trial *(Meyer v Sargent,* 854 F2d 1110, 1113). Moreover, contrary to the defendant's contentions, we note that the court did not improperly exclude the defendant from the trial, rather it was the defendant who voluntarily refused to attend and thus forfeited his right to attend his trial *(see, Taylor v United States,* 414 US 17; *People v Sanchez,* 65 NY2d 436, 443-444).

The assignment of standby counsel is "a matter of trial management", not a constitutional right *(People v Mirenda,* 57 NY2d 261, 266). It is true, as the defendant contends, that a court may appoint standby counsel over a defendant's objection *(see, Faretta v California, supra,* at 835; *People v Sawyer, supra,* at 22). However, under the circumstances of this case, including the defendant's vigorous insistence that he not be aided by standby counsel, and his continued explicit repudiation of such counsel, we find no fault with the court's actions.

We have examined the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.

