■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ERBER, Appellant. [619 NYS2d 250] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered October 15, 1991, convicting him of robbery in the first degree, attempted aggravated assault upon a police officer (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly denied his motion to dismiss the indictment based on the fact that the People failed to present to the Grand Jury exculpatory evidence which would have established the affirmative defense of duress is without merit. "[T]he People maintain broad discretion in presenting their case to the Grand Jury and need not seek [out] evidence favorable to the defendant or present all of their evidence tending to exculpate the accused" *(People v Mitchell,* 82 NY2d 509, 515; *People v Lancaster,* 69 NY2d 20, 26, *cert denied* 480 US 922). In determining whether that discretion was improperly exercised, the test is the potential of the defense in question to eliminate a " 'needless or unfounded prosecution' " *(People v Lancaster, supra,* at 27).

Here, the allegedly exculpatory evidence neither made out a complete legal defense nor was of such quality as to create the potential to eliminate a " 'needless or unfounded prosecution' " *(People v Lancaster, supra,* at 27; *People v Valles,* 62 NY2d 36, 38). Thus, the People's failure to present this evidence to the Grand Jury was permissible *(see, People v Mitchell, supra,* at 515; *People v Ramjit,* 203 AD2d 488).

In addition, it was not an improvident exercise of discretion for the trial court to deny the defendant's requests to relieve assigned counsel. It is well settled law that court-appointed counsel will not be removed except for good cause shown *(see, People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178). Here, the defendant failed to specify why defense counsel's representation was inadequate. In addition, considering the defendant's previous assurances that he would retain private counsel, and his failure to do so, the court reasonably concluded that the defendant's motion on the eve of trial for assignment of new counsel was a dilatory tactic *(see, People v Gloster,* 175 AD2d 258, 260).

The defendant's remaining contention is without merit. Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.