■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WINSLOW, Appellant. [636 NYS2d 68] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered February 22, 1993, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Inasmuch as the defendant's moving papers, on their face, did not show the existence of an unexcused delay greater than six months, the Supreme Court properly refused to dismiss the indictment on the ground that he was denied his statutory right to a speedy trial *(see,* CPL 30.30 [1], [4] [a], [d]; *People v Philip,* 205 AD2d 714). Moreover, the defendant failed to demonstrate that he was deprived of his constitutional right to a speedy trial; specifically that he suffered any prejudice resulting from the delay *(see, Barker v Wingo,* 407 US 514, 530; *People v Taranovich,* 37 NY2d 442; *People v Penna,* 203 AD2d 392).

The record demonstrates that the defendant received the effective assistance of counsel to which he was constitutionally entitled *(see, People v Baldi,* 54 NY2d 137, 147; *see also, People v Ellis,* 81 NY2d 854; *People v Garcia,* 75 NY2d 973). Moreover, the court did not improvidently exercise its discretion in denying the defendant's motion, on the eve of trial, for an adjournment to retain new counsel. Considering the defendant's previous indications of his dissatisfaction with counsel, the court reasonably concluded that the defendant had ample time to retain new counsel and that his motion was a dilatory tactic *(see, People v Erber,* 210 AD2d 250; *People v Gloster,* 175 AD2d 258, 260).

Any error regarding the prosecutor's opening and summation comments was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230; *People v Gagne,* 129 AD2d 808, 811).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Balletta, Miller and O'Brien, JJ., concur.