THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER HAMBRIC, Appellant. [639 NYS2d 440]

At a proceeding to determine whether the defendant would waive his right to a jury trial, the defendant told the court that he wished to relieve his fourth court-appointed attorney. The defendant failed to articulate any legitimate reason for his request. The court refused to appoint another attorney and told the defendant that he could proceed *pro se* or with his court-appointed lawyer. The court warned the defendant of the dangers of proceeding *pro se,* but the defendant would not consent to his court-appointed attorney's representing him. The court then appointed the attorney to act as the defendant's legal advisor. However, before the Huntley hearing, the defendant told the court that he did not want the attorney to act as his legal advisor, and the defendant represented himself at the trial without a legal advisor.

The Supreme Court did not err by relieving counsel and allowing the defendant to represent himself at the trial *(see, People v Howell,* 207 AD2d 412, 413; *People v Gloster,* 175 AD2d 258, 260). Although an effective waiver of the right to counsel must be the product of a free and meaningful choice, a criminal defendant may be asked to choose between waiver of his right to counsel and another course of action as long as the choice is not constitutionally offensive *(see, Maynard v Meachum,* 545 F2d 273, 278; *People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178). In light of the choice offered the defendant by the court in this case *(see, People v Gloster, supra),* the defendant's refusal, without good cause, to proceed with able appointed counsel was a voluntary waiver of his right to counsel *(see, Maynard v Meachum, supra; Pizzaro v Harris,* 507 F Supp 642, 646).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.