■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GUNDY, Appellant. [651 NYS2d 576] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered January 30, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in

denying the defendant's motion, made on the eve of trial, for an adjournment to retain new counsel (*see, People v Winslow,* 222 AD2d 722; *People v Erber,* 210 AD2d 250; *People v Gloster,* 175 AD2d 258, 260).

In addition, the court did not err by relieving counsel in the middle of the trial and allowing the defendant to represent himself (*see, People v Hambric,* 225 AD2d 633; *People v Howell,* 207 AD2d 412, 413; *People v Gloster,* 175 AD2d 258, 260). An effective waiver of the right to counsel must be the product of free and meaningful choice, and a criminal defendant may be asked to choose between waiver of his right to counsel and another course of action as long as the choice is not constitutionally offensive (*see, Maynard v Meachum,* 545 F2d 273, 278; *People v Sawyer,* 57 NY2d 12, *cert denied* 459 US 1178). Here, the defendant's refusal, without good cause, to proceed with able appointed counsel was a voluntary waiver of his right to counsel (*see, People v Hambric, supra; Maynard v Meachum, supra; Pizzaro v Harris,* 507 F Supp 642, 646 [SD NY]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.