■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY SMITH, Appellant. [663 NYS2d 647] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered December 19, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial. The facts have been considered and determined to be established.

Several times prior to and during trial, the defendant expressed dissatisfaction with assigned counsel and requested that new counsel be appointed. On at least one of these occasions, the defendant stated that he did not wish to represent himself. The court denied each request for new counsel. Eventually, during the trial, assigned counsel asked to be relieved because the defendant had verbally threatened him during a recess. While granting the request, the court sug-

gested to the defendant that counsel would continue to represent him if the defendant apologized. The defendant refused and completed the trial *pro se,* with former counsel serving as a legal advisor. At no time did the court warn the defendant as to the risks inherent in proceeding *pro se.*

The judgment must be reversed. A defendant's implied waiver of his right to counsel is ineffective absent " 'a sufficiently "searching inquiry" of the defendant to be reasonably certain that the "dangers and disadvantages" of giving up the fundamental right to counsel have been impressed on the defendant' " (*People v Slaughter,* 78 NY2d 485, 491, quoting *People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178; *see, Faretta v California,* 422 US 806, 835). Here, the court's failure to make such an inquiry, or, indeed, to in any way warn the defendant concerning the risks of proceeding *pro se,* makes the defendant's waiver of his right to counsel ineffective (*People v Slaughter, supra*).

Assuming, without deciding, that harmless error analysis applies here, the defendant's ineffective waiver of counsel, made during cross examination of the arresting officer, was not harmless (*see, People v Slaughter, supra*).

The defendant's remaining contentions are without merit. Mangano, P. J., Friedmann and McGinity, JJ., concur.

Ritter and Thompson, JJ., dissent and vote to affirm the judgment with the following memorandum. We respectfully dissent.

The record reveals that the Supreme Court carefully evaluated the defendant's requests for new counsel and correctly determined that they were not supported by good cause (*see, People v Sides,* 75 NY2d 822; *People v Sawyer,* 57 NY2d 12). The court did not err, on the facts presented, in compelling the defendant to choose between continuing with able assigned counsel or proceeding *pro se (see, People v Slaughter,* 78 NY2d 485; *People v Sawyer, supra; People v Hambric,* 225 AD2d 633; *People v Howell,* 207 AD2d 412; *United States v Pascarella,* 84 F3d 61, 67-68; *United States v Bauer,* 956 F2d 693, *cert denied* 506 US 882; *Maynard v Meachum,* 545 F2d 273).

Clearly, it is essential that a defendant understand the considerable risk in proceeding *pro se.* Here, however, it is apparent from numerous colloquies between the defendant and the court that the defendant was fully aware of the dangers and disadvantages of proceeding *pro se* and entered into his choice "with eyes open" (*Maynard v Meachum,* 545 F2d 273, 279, *supra; see also, People v Gloster,* 175 AD2d 258). Indeed, the defendant flatly stated that he was "not qualified" to defend

himself. Requiring further discussion of a danger already understood would seem to elevate form over substance. Moreover, in light of the defendant's alleged threat to "put a knife in [defense counsel's] head" if he were to be convicted, to hold that the defendant was not aware of the danger of proceeding *pro se* would be to reward his abusive conduct by allowing him to secure, through threats of violence, relief which the court had already properly denied (*People v Gloster, supra*).

The case relied on by the majority, *People v Sawyer* (57 NY2d 12, *supra*), to the extent it may be read to suggest a contrary conclusion, is distinguishable. The defendant in *Sawyer,* unlike here, was not accused of threatening his counsel (*cf., People v Gilchrist,* 239 AD2d 306; *People v McLeod,* 53 F3d 322 [defendant who is abusive toward counsel may "forfeit" right to counsel]). Further, the sole evidence in *Sawyer* that the defendant therein might have been aware of the dangers and disadvantages of proceeding *pro se,* i.e., the defendant's quotation of a passage from *Gideon v Wainwright* (372 US 335), did not occur until several months after the decision to proceed *pro se* had been made.

Because the defendant's remaining claims are unpreserved and/or without merit, we would affirm the judgment.