■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON CRUZ, Appellant. [666 NYS2d 274] —Peters, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered October 18, 1996 (1) upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree, and (2) convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

By indictment dated June 21, 1996, defendant was charged with criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. This indictment stemmed from an April 11, 1996 sale of crack cocaine by defendant and his codefendant, Shawn Carter, to undercover State Police Investigator Robert Missenis and a confidential police informant.

County Court held a *Wade* hearing and concluded that the identification process was proper, fair and balanced, and that the resulting identification of defendant was admissible. The People represented that there were no statements attributed to defendant requiring a *Huntley* hearing and that no *Sandoval* or *Ventimiglia* material existed.

Defendant was tried jointly with Carter. While Carter testified on his own behalf, defendant did not present any evidence. He was ultimately convicted of criminal sale of a controlled substance in the third degree and sentenced to two concurrent prison terms of 3 to 10 years based upon both this verdict and his plea of guilty to a second indictment which County Court properly declined to consolidate with this trial. Defendant appeals.

Defendant alleges ineffective assistance of counsel by his assigned counsel, grounded upon a failure to request a *Wade* hearing and a trial separate from Carter's two unrelated charges on the indictment. Our review reveals no merit to any contention regarding the *Wade* hearing since such hearing was, in fact, requested and held.

As to counsel's purported error in failing to request a separate trial, " '[i]t is not for this court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as * * * defendant was afforded meaningful representation' " (*People v Shell*, 152 AD2d 609, 610, *lv denied* 74 NY2d 899, quoting *People v Satterfield*,

66 NY2d 796, 799-800). Our review of the record reveals that " 'the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of representation, reveal that [defendant's counsel] provided meaningful representation' " (*People v Flores*, 84 NY2d 184, 187, quoting *People v Baldi*, 54 NY2d 137, 147 [emphasis omitted]).*

We next address defendant's allegation that despite issuance of a curative instruction, County Court erred when it allowed Detective Paul Kisselbrack to testify regarding his identification of defendant "[t]hrough previous police contact and information * * * retrieved in reference to ongoing drug investigations" *without the benefit of a Ventimiglia hearing.* Kisselbrack's testimony at the *Wade* hearing detailed that as a detective with the City of Hudson Police Department in Columbia County, he was assisting the narcotics enforcement unit of the State Police on April 11, 1996 in identifying drug sellers due to his familiarity with local residents. Such testimony revealed that Kisselbrack recognized defendant based upon information he had received from several members of the police department as well as his having spoken with defendant "one or two times" prior to April 11, 1996. This explanation as to how Kisselbrack recognized and identified defendant provided the requisite foundation to establish credibility and the admissibility of his identification testimony and, therefore, placed defendant on notice that similar testimony would be given at trial. We find that no inference was created thereby which would indicate that defendant may have "had a propensity to commit drug-related crimes or that defendant made actual drug sales to this or any other police officer on other occasions" (*People v Hilts*, 237 AD2d 737, *lv denied* 89 NY2d 1094).

We additionally reject defendant's contention that the prosecutor's remarks during summation constituted reversible error. Remarks which were not objected to at trial remain unpreserved for our review (*see, People v Miller*, 239 AD2d 787, 789, *lv granted* 90 NY2d 907) and, as to those objected to, County Court issued a curative instruction.

Finally, we find no merit to defendant's contention that the imposition of concurrent prison sentences of 3 to 10 years was harsh and excessive in light of defendant's age, academic

---

* It is notable that Carter testified at trial that defendant did not engage in any drug transaction with him. It is quite possible that defense counsel's strategy was an intentional choice not to move for a severance, hoping that the jury would see Carter as a major drug dealer and be more sympathetic to defendant's singular transaction.

achievement, employment experience and lack of prior adult criminal history. Absent an abuse of discretion or extraordinary circumstances, we defer to the discretion of the trial court in sentencing (*see, People v Wright*, 214 AD2d 759, 762, *lv denied* 86 NY2d 805; *People v Charron*, 198 AD2d 722, 723, *lv denied* 83 NY2d 803; *People v Simoens*, 159 AD2d 818, 820, *lv denied* 76 NY2d 743).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the judgment is affirmed.