■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM E. SCOON, Appellant. [756 NYS2d 100] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered May 1, 1998, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient is largely unpreserved for appellate review (see CPL 470.05 [2]; People v Udzinski, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Rossey, 89 NY2d 970 [1997]; People v Powell, 163 AD2d 426 [1990]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

Since the judgment of conviction was based upon legally sufficient evidence, the defendant's challenges to the instructions given to the grand jury are no longer reviewable on appeal (see People v Miles, 236 AD2d 786 [1997]; People v O'Connor, 126 AD2d 676 [1987]). The defendant largely failed to preserve for appellate review his contentions with respect to numerous allegedly improper comments made by the prosecutor during summation. The defendant did not object to the majority of the comments, and those comments to which he did raise objection were followed by curative instructions, subsequent to which the defendant did not ask for further curative instructions, or move for a mistrial (see CPL 470.05 [2]; People v Rosario, 195 AD2d 577 [1993]). In any event, a prosecutor's summation must be examined in the context of the arguments advanced by the defendant, and an argument is fair if it is responsive to arguments and issues raised by the defense (see People v Cox, 161 AD2d 724 [1990]). Under the circumstances presented, the challenged comments were reasonable.

Contrary to the defendant's contention, the court properly denied his request for a Frye hearing (see Frye v United States, 293 F 1013 [1923]) with respect to the admissibility of expert testimony concerning the amount of time between the alleged shaking of the deceased child and the onset of her symptoms (see generally People v Serrano, 219 AD2d 508 [1995]; People v

*Garcia,* 190 AD2d 749 [1993]). The expert's testimony was not only supported by medical literature, but also by previous judicial opinions (*see Matter of Lahey v Kelly,* 71 NY2d 135, 144 [1987]; *People v Wong,* 81 NY2d 600, 606 [1993]; *People v Hawkins-Rusch,* 212 AD2d 961 [1995]).

The court properly denied the defendant's motion to set aside the verdict on the ground that the deliberative process was tainted by juror misconduct. Such motions are addressed to the sound discretion of the trial court. The assessment of credibility by the trial court will not be disturbed unless clearly erroneous (*see People v Panzarino,* 131 AD2d 788 [1987]). The defendant did not meet his burden of proving by a preponderance of the evidence that a juror acted improperly, that he was prejudiced by the improper conduct, and that he was not aware of the conduct before the verdict was returned (*see* CPL 330.40 [2] [g]; *People v Clark,* 81 NY2d 913 [1993]; *People v Young,* 197 AD2d 874 [1993]).

The defendant received the effective assistance of counsel (*see People v Baldi,* 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review, without merit, or do not warrant reversal. Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.