**Michael ERBER, Plaintiff–Appellant,**

v.

**Michael D. HESS; George Degiovani; John Sorrentino; Clifton Peterson, Defendant–Appellee.**

No. 03–286.

United States Court of Appeals, Second Circuit.

Oct. 8, 2004.

Michael Erber, (on submission), Comstock, NY, for Plaintiff–Appellant, pro se.

Edward F.X. Hart for Michael A. Cardozo, Corporation Counsel of the City of New York (on submission), New York, NY, for Defendant–Appellee.

Present: NEWMAN, McLAUGHLIN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be **VACATED** and **REMANDED** so that the court may modify its judgment in accordance with this Summary Order.

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff–Appellant Michael Erber brought this action pursuant to 42 U.S.C. § 1983, alleging deprivation of property without due process of law. On appeal, he challenges the district court's dismissal of his complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. This Court reviews the district court's dismissal *de novo. See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir.2003).

On October 15, 1991, Erber was convicted of robbery in the first degree in state court for stealing $103,914.65 from a check cashing location in Brooklyn.[1] In this action, he seeks recovery, with interest, of the $103,914.65 seized from him by the New York Police Department in connection with his crime on the grounds that the defendants deprived him of due process of law when they failed to provide him with a voucher for the money and adequate notice of the procedures he was required to follow to recover the seized funds.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87 (footnote omitted). In instances where a state prisoner files a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Before he can establish a due process violation, Erber must first show that he possessed a protected interest in the confiscated cash. *See, e.g., Alexandre v. Cortes*, 140 F.3d 406, 410 (2d Cir.1998). Such a finding would "necessarily imply" that Erber was wrongfully convicted of robbery. *Heck*, 512 U.S. at 487. Thus, Erber cannot sustain a cognizable claim until his conviction is invalidated. However, cases dismissed on *Heck* grounds should be disposed of without prejudice. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir.1999). In the event Erber's conviction is "expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," *id.* (internal quotation marks omitted), Erber would be entitled to reassert his claim.

---

1. The Appellate Division affirmed Erber's conviction, *People v. Erber*, 210 A.D.2d 250, 619 N.Y.S.2d 344 (2nd Dept.1994), and the New York Court of Appeals denied leave to appeal, *People v. Erber*, 85 N.Y.2d 861, 624 N.Y.S.2d 380, 648 N.E.2d 800 (1995). The District Court for the Eastern District of New York denied Erber's petition for writ of habeas corpus. *Erber v. Kelly*, 1995 WL 264124 (E.D.N.Y. Apr. 27, 1995) (No. 94–cv–4497).

Accordingly, for the reasons set forth above, the judgment of the district court is hereby VACATED and REMANDED so that the court may modify its judgment in accordance with this Summary Order.