THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN OLSON, Appellant. [827 NYS2d 273]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Carter, J.), rendered January 18, 2006, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Aessa*, 29 AD3d 1016 [2006], *lv denied* 7 NY3d 846 [2006]; *People v Brown*, 29 AD3d 917 [2006], *lv denied* 7 NY3d 785 [2006]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

Because the judgment of conviction was based upon legally sufficient evidence, any challenge to the instructions given to the grand jury is not reviewable on appeal (*see People v Nealy*, 32 AD3d 400 [2006]; *People v Scoon*, 303 AD2d 525 [2003]).

The defendant's contention regarding ineffective assistance of

counsel, to the extent that it involves advice allegedly given to him by counsel regarding the waiver of a jury trial, is based on matter dehors the record and therefore not properly before us on this appeal (*see People v Turner,* 266 AD2d 245 [1999]). To the extent that this claim is based on matters appearing in the record, the defendant's contention is without merit. The record shows that the defendant received meaningful representation (*see People v Benevento,* 91 NY2d 708, 712-713 [1998]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]).

The defendant's remaining contention is without merit (*see People v Agha,* 239 AD2d 930 [1997]). Florio, J.P., Mastro, Spolzino and Skelos, JJ., concur.