[878 NE2d 999, 848 NYS2d 584]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN OLSON, Appellant.

Argued October 10, 2007; decided November 15, 2007

**APPEARANCES OF COUNSEL**

*Peter Panaro*, Massapequa, for appellant.

*Kathleen M. Rice, District Attorney*, Mineola (*Lauren Del Giorno* and *Peter A. Weinstein* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

The Appellate Division affirmed Supreme Court's judgment convicting defendant, after a bench trial, of assault in the first degree and criminal possession of a weapon in the fourth degree.

■ Defendant argues that the Appellate Division applied the incorrect legal standard in determining that the verdict was not against the weight of the evidence. We disagree. The Appellate Division rejected defendant's argument that the verdict was against the weight of the evidence, concluding, after exercising its factual review power, that the trial court's determination concerning credibility and the weight to be accorded the evidence was supported by the record. Mere reference to *People v Gaimari* (176 NY 84 [1903]) "does not indicate that the Court failed to apply the proper legal standard for analyzing defendant's challenge to the weight of the evidence supporting the conviction" (*People v Vega*, 7 NY3d 890, 891 [2006], citing *People v Romero*, 7 NY3d 633, 645-646 [2006]).

■ Defendant further argues that the Appellate Division erred in not reversing his conviction because the trial court improperly shifted to defendant the burden of proving justification, failed to view the evidence of justification in the light most favorable to defendant and applied the wrong legal standard regarding the amount of force one can use for justification purposes. This argument is also unavailing. Here, the trial court, after hearing the testimony and finding that defendant committed an assault, properly considered whether defendant's actions were justified. It concluded they were not and that the People "shouldered their burden of disproving, beyond a reasonable doubt . . . the defense of justification." The trial court, therefore, committed no reversible error.

■ We have considered defendant's remaining contentions and conclude that his legal sufficiency argument as to the weapon possession charge is unpreserved and that his interest of justice argument is beyond our review.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed in a memorandum.