THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GOODWINE, Appellant. [848 NYS2d 243]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered July 28, 2005, convicting him of robbery in the first degree, criminal possession of a weapon in the third degree, and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was deprived of his right to be represented by counsel of his own choosing. The record reveals that the defendant made an informed and voluntary decision to relieve his primary counsel and retain co-counsel as his sole representative. In addition, the defendant was not deprived of his right to be represented by counsel of his own choosing by the court's refusal to adjourn the trial. "[A]bsent exigent or compelling circumstances, a court may, in the exercise of its discretion, deny a defendant's request to substitute counsel made on the eve of or during trial if the defendant has been accorded a reasonable opportunity to retain counsel of his own choosing before that time" (*People v Arroyave*, 49 NY2d 264, 271 [1980]; *People v Hansen*, 37 AD3d 318 [2007]; *see People v Taylor*, 164 AD2d 953, 955-956 [1990]; *People v Tellone*, 155 AD2d 631 [1989]). Here, the defendant had ample opportunity to retain counsel of his own choosing before that time (*see People v Winslow*, 222 AD2d 722 [1995]), or have counsel assigned to him by the court.

Contrary to the defendant's contentions, the trial court did not err in failing to conduct a *Gomberg* inquiry (*see People v Gomberg*, 38 NY2d 307 [1975]). The defendant failed to demonstrate that there existed a conflict of interest which "affected" or "operated on" the conduct of his defense (*People v Longtin*,

92 NY2d 640, 644-645 [1998]; *see People v Smart*, 269 AD2d 549 [2000], *affd* 96 NY2d 793 [2001]; *People v Hunt*, 227 AD2d 568 [1996]).

The defendant received the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137 [1981]). Furthermore, under the circumstances of this case, the trial court properly precluded the defendant's expert from testifying.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d at 644-645).

The defendant's contentions regarding the sufficiency of the instructions given to the grand jury are unpreserved for appellate review. Moreover, since the judgment of conviction was based on legally sufficient evidence, the defendant's challenges to the instructions given to the grand jury are not reviewable on appeal (*see People v Olson*, 35 AD3d 890 [2006], *affd* 9 NY3d 968 [2007]; *People v Scoon*, 303 AD2d 525 [2003]).

The defendant's contention that the People were required to provide him with notice of the identification testimony of a store security guard who had observed him around the time of the robbery is unpreserved for appellate review. In any event, this contention is without merit. Since there was no previous identification of the defendant by the store security guard, no such notice was required (*see* CPL 710.30; *People v Soto*, 22 AD3d 511 [2005]; *People v Romano*, 282 AD2d 764, 765 [2001], *cert denied* 535 US 1020 [2002]; *People v Belushi*, 114 AD2d 463 [1985]).

The defendant's right to challenge the court's failure to give an expanded identification charge was waived by the withdrawal of his request for such an instruction at trial (*see People v Tineo*, 232 AD2d 667 [1996]).

The remaining issues raised in the defendant's supplemental pro se brief are without merit. Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.