# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**344**
**KA 13-00800**
PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

JOEL S. BARBUTO, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KAREN RUSSO-MCLAUGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered August 8, 2012. The judgment convicted defendant, after a nonjury trial, of attempted robbery in the first degree (two counts) and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a nonjury trial, of two counts of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [1], [3]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends, inter alia, that the evidence is legally insufficient to support the conviction. To the extent that defendant has preserved that contention for our review, we conclude that it lacks merit.

Initially, defendant contends that the evidence of serious physical injury is legally insufficient to support the conviction of attempted robbery in the first degree under Penal Law § 160.15 (1). The People presented evidence that, during the course of the attempted robbery, defendant stabbed the victim in the back of the neck and the back of the chest. As a result, the victim suffered a "moderate size[d]" hemopneumothorax, which meant that both air and blood were trapped inside the victim's chest. The victim also had a collapsed lung, "[s]o he did not have sufficient oxygen." A chest tube was inserted "[t]o evacuate blood and air so the lung [could] expand." Over the course of the first few hours of medical treatment, 20 ounces of blood were drained from the victim's chest. The People's medical expert testified that, if left untreated, the natural progression of the victim's hemopneumothorax could have resulted in death either from

a tension pneumothorax, i.e., air trapped in the chest with a high tension, or from the hemothorax which, if not drained, would cause a significant amount of bleeding. Such evidence is legally sufficient to establish serious physical injury (*see People v Guillen*, 65 AD3d 977, 977, *lv denied* 13 NY3d 939; *People v Thompson*, 224 AD2d 646, 646-647, *lv denied* 88 NY2d 970; *see also Matter of Eleda*, 280 AD2d 405, 405; *People v Wright*, 105 AD2d 1088, 1088-1089, *following remittal* 124 AD2d 1015, *lv denied* 69 NY2d 751).

Even assuming, arguendo, that defendant preserved for our review his contentions that there is insufficient proof of his "intent to cause a serious physical injury" and "that the proof also failed to establish he had formed the specific intent to commit a robbery" (*see generally People v Gray*, 86 NY2d 10, 19), we conclude that those contentions lack merit. It is well established that "a robbery occurs when a person forcibly steals property by the use of, or the threatened use of, immediate physical force upon another person for the purpose of compelling that person to deliver up property or to prevent or overcome resistance to the taking" (*People v Miller*, 87 NY2d 211, 214). The "gradation of robbery offenses [is based on] the presence of one of the enumerated 'aggravating factors' " (*id.* at 215). The attempt to commit a robbery occurs when "[a] person . . . fails to perpetrate the object crime, despite committing some act in furtherance of that illegal end" (*id.*). The specific intent required is the "intent to commit a robbery" (*id.* at 216), i.e. "to steal" (*People v De Jesus*, 123 AD2d 563, 564, *lv denied* 69 NY2d 745), not the intent to commit one of the enumerated aggravating factors (*see Miller*, 87 NY2d at 216-217). Thus, the People were not required to establish that defendant had the specific intent to cause a serious physical injury.

With respect to the specific intent to commit a robbery, we conclude that the evidence of such intent may " 'be inferred from . . . defendant's conduct and the surrounding circumstances' " (*People v Bracey*, 41 NY2d 296, 301, *rearg denied* 41 NY2d 1010). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is legally sufficient evidence to establish defendant's specific intent to commit a robbery. Defendant and the codefendant approached the victim; defendant used a knife to stab the victim; and, immediately thereafter, the codefendant said to the victim "give us all your money."

The remainder of defendant's challenges to the sufficiency of the evidence are not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not " 'specifically directed' " to those grounds now raised on appeal (*Gray*, 86 NY2d at 19). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that he was denied effective assistance of counsel based on numerous alleged shortcomings of defense counsel.  Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147).  With respect to defendant's contention that defense counsel should have called a medical expert to testify for the defense, "[i]t is well established that, '[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to' call such a witness" (*People v Burgos*, 90 AD3d 1670, 1670, *lv denied* 19 NY3d 862, quoting *People v Rivera*, 71 NY2d 705, 709).  Defendant failed to do so.  In any event, to the extent that defendant's contention is "based upon defense counsel's alleged failure to consult experts or to conduct an investigation with respect to the medical . . . evidence presented . . . , it involves matters outside the record on appeal . . . [and] must be raised by way of a motion pursuant to CPL article 440" (*People v Ocasio*, 81 AD3d 1469, 1470, *lv denied* 16 NY3d 898, *cert denied* ___ US ___, 132 S Ct 318).  We further conclude that "it is apparent from [defense counsel's] thorough cross-examination of prosecution witnesses and [her] overall performance that [she] had adequately prepared for trial" (*People v Adair*, 84 AD3d 1752, 1754, *lv denied* 17 NY3d 812; *see People v Washington*, 122 AD3d 1406, 1406).

Defendant contends that defense counsel was ineffective in failing to move for severance in order to eliminate a *Bruton* issue (*see Bruton v United States*, 391 US 123).  The record establishes that counsel was aware of the issue and, for strategic reasons, opted against the motion for severance.  Defendant thus failed to establish " 'the absence of strategic or other legitimate explanations' for [defense] counsel's" failure to move for severance (*People v Benevento*, 91 NY2d 708, 712; *see People v Reid*, 71 AD3d 699, 700, *lv denied* 15 NY3d 756; *People v Shell*, 152 AD2d 609, 610, *lv denied* 74 NY2d 899; *but see People v Jeannot*, 59 AD3d 737, 737, *lv denied* 12 NY3d 916).

With respect to defendant's final challenge to the effectiveness of defense counsel, we note that "[t]here is nothing in the record on appeal that would raise a colorable issue of ineffective assistance of trial counsel based on defendant's waiver of a jury trial.  If defendant can demonstrate facts, not recited in the record, that would raise such issue, that issue can be pursued by motion pursuant to CPL 440.10" (*People v Barnes*, 143 AD2d 499, 499-500; *see People v Olson*, 35 AD3d 890, 890-891, *affd* 9 NY3d 968).

Contrary to defendant's contention, the sentence that County Court imposed on him as a second violent felony offender is not unduly harsh or severe.  The People have correctly conceded, however, that "the presentence report has not been redacted as the court ordered at sentencing, and therefore it must be redacted to correct the

oversight" (*People v Howard*, 124 AD3d 1350, 1351).

Entered:  March 27, 2015                              Frances E. Cafarell
                                                     Clerk of the Court