People v Hunter (2022 NY Slip Op 00766)





People v Hunter


2022 NY Slip Op 00766


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.


87 KA 16-00386

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERROD L. HUNTER, DEFENDANT-APPELLANT. 






ANDREW G. MORABITO, EAST ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 3, 2016. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]) and criminal possession of a weapon in the third degree ([CPW 3d]
§ 265.02 [1]). Contrary to defendant's contention, there was no defect in the grand jury proceedings. Even assuming, arguendo, that the grand jurors saw a document referencing defendant's prior conviction that was used to refresh the recollection of a witness, we note that one of the elements of CPW 3d is that the defendant "has been previously convicted of any crime" (id.). Where, as here, "a prior conviction elevates an offense, it is not an improper procedure to present proof of the prior conviction to the [g]rand [j]ury along with the remainder of the evidence concerning the defendant's alleged commission of the offense" (People v Adorno, 216 AD2d 686, 687 [3d Dept 1995], lv denied 86 NY2d 839 [1995]; see People v Murray, 163 AD3d 1000, 1000-1001 [2d Dept 2018], lv denied 32 NY3d 1208 [2019]). To the extent defendant contends that Supreme Court erred in denying his CPL 440.10 motion, that contention is not properly before us inasmuch as defendant "did not obtain leave to appeal" the denial of that motion (People v Acosta, 19 AD3d 1041, 1041 [4th Dept 2005], lv denied 5 NY3d 803 [2005]; see People v Fuller, 124 AD3d 1394, 1395 [4th Dept 2015], lv denied 25 NY3d 989 [2015]).
Defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to secure medical expert testimony regarding the nature of the victim's injuries. "It is well established that, '[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure to' call such a witness" (People v Burgos, 90 AD3d 1670, 1670 [4th Dept 2011], lv denied 19 NY3d 862 [2012], quoting People v Rivera, 71 NY2d 705, 709 [1988]; see People v Barbuto, 126 AD3d 1501, 1504 [4th Dept 2015], lv denied 25 NY3d 1159 [2015]). Defendant failed to do so (see Barbuto, 126 AD3d at 1504). Moreover, defendant failed to demonstrate "that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence" (People v Smith, 126 AD3d 1528, 1530-1531 [4th Dept 2015], lv denied 26 NY3d 1150 [2016] [internal quotation marks omitted]). We have considered defendant's remaining allegation of ineffective assistance of counsel and conclude that it does not warrant reversal or modification of the judgment.
Finally, we conclude that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction of [*2]attempted murder in the second degree and assault in the first degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court