People v McKnight (2025 NY Slip Op 01751)

People v McKnight

2025 NY Slip Op 01751

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, AND KEANE, JJ.

240 KA 23-00420

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES D. MCKNIGHT, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (STEPHANIE M. STARE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered November 1, 2022. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) arising from his conduct in stabbing the victim to death in her apartment. As relevant to this appeal, the People called an FBI special agent to testify regarding the results of an analysis of defendant's cell phone, which showed that defendant was in the vicinity of the victim's apartment around the time of the murder. Defendant contends that he was deprived of effective assistance of counsel because defense counsel should have investigated a challenge to the "cell site data analysis" and should have consulted an expert on that topic. Defendant's contention concerns matters outside the record on appeal and must be raised in a motion pursuant to CPL 440.10 (see People v Keane, 221 AD3d 1586, 1588-1589 [4th Dept 2023]; People v Howden, 215 AD3d 1261, 1262 [4th Dept 2023], lv denied 40 NY3d 1092 [2024]; see also People v Defio, 200 AD3d 1672, 1674 [4th Dept 2021], lv denied 38 NY3d 949 [2022]). To the extent that the record before us permits review of defendant's contention, we conclude that it is without merit inasmuch as he failed to demonstrate that opposing expert testimony was available, that it would have assisted County Court in its determination or that he was prejudiced by its absence (see People v Young, 206 AD3d 1631, 1633 [4th Dept 2022]; People v Hunter, 202 AD3d 1449, 1450 [4th Dept 2022], lv denied 38 NY3d 1008 [2022]; People v Finch, 180 AD3d 1362, 1363 [4th Dept 2020], lv denied 35 NY3d 993 [2020]), and failed to demonstrate the absence of a strategic explanation for defense counsel's alleged shortcomings (see People v Freeman, 206 AD3d 1694, 1695 [4th Dept 2022]; Defio, 200 AD3d at 1674; see also People v Caldavado, 166 AD3d 792, 794 [2d Dept 2018], lv denied 32 NY3d 1170 [2019], cert denied 587 US 987 [2019]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court