■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN ROGERS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered June 4, 1986, convicting him of robbery in the

second degree, criminal possession of stolen property in the first degree, assault in the second degree and leaving the scene of an accident, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for assault in the second degree as charged in the fourth count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the People failed to prove the element of his identity as the perpetrator of the robbery. However, viewing the evidence adduced at the trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The evidence showed that the defendant assaulted the complaining witness with a pipe, stole his car, was involved in an accident with another vehicle and thereafter was apprehended by the police as he attempted to flee from the scene. Although the victim could not identify the defendant at the trial, he did select the defendant from a lineup two days after the robbery and there was sufficient additional evidence presented to link the defendant with the robbery. The defendant's physical description and clothing closely fit the detailed description provided by the victim and the defendant admitted to driving the victim's car only three hours after the robbery.

The fourth count of the indictment charging the defendant with assault in the second degree pursuant to Penal Law § 120.05 (6) was an inclusory concurrent count of robbery in the second degree as charged in the second count of the indictment pursuant to Penal Law § 160.10 (2) (a). Therefore, a guilty verdict on the greater offense requires dismissal of the lesser offense *(see,* CPL 300.40 [3] [b]).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.