■ In the Matter of CELESTE S., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, Bronx County (Stewart H. Weinstein, J.), rendered December 5, 1991, which adjudicated appellant a juvenile delinquent upon her admission to an act which, if committed by an adult, would constitute the crime of attempted petit larceny, and sentenced her to 1-year conditional discharge, unanimously affirmed, without costs.

Appellant contends that the petition before the Family Court, transferred from the Criminal Court as an order of removal pursuant to CPL article 725, was jurisdictionally defective because the hearsay complaint and the nonhearsay supporting deposition annexed to the order were unsworn in that they bore only a "form notice" pursuant to CPL 100.30 (1) (d), that "FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO P.L. 210.45." Appellant further asserts that the documents should have been verified pursuant to the CPLR as required by Family Court Act § 311.1 (4).

Family Court Act § 311.1 (7) provides that upon the filing of an order of removal, the order and any attached pleadings and proceedings had in the Criminal Court "shall be deemed [upon transfer to the Family Court] to be a petition filed pursuant to subdivision one of section 310.1 containing all of the allegations required by this section notwithstanding that such allegations may not be set forth in the manner therein prescribed." Inasmuch as the allegations in the Criminal Court action are thereby to be deemed sufficient for purposes of this proceeding, verification of the documents comprising the petition pursuant to CPL 100.30, as opposed to CPLR 3020, did not render the petition jurisdictionally defective.

We have considered appellant's other claims and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ross and Asch, JJ.