■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN THOMAS, Appellant. [600 NYS2d 495] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered August 15, 1991, convicting him of attempted robbery in the first degree, attempted robbery in the second degree (two counts), criminal possession of a weapon in the third degree, and attempted grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, we find that the People adduced legally sufficient evidence that the complainant suffered physical injury *(see,* Penal Law § 10.00 [9]), a necessary element of the charge of attempted robbery in the second degree. Indeed, the subjective testimony of the complainant revealed that she was grabbed by the neck, pushed to the ground, repeatedly punched in the head, and continuously hit in the back with a long stick by the defendant and another unidentified participant as they grabbed at the chains around her neck. The complainant also testified that as a result of the attack, her back was swollen and bruised, she had lumps on her head, she vomited several times, and she suffered from persistent headaches and pain for about two weeks following the incident. Her testimony was corroborated by that of her husband, who testified that the complainant suffered from "knots in her head and vomiting and her back was very sore". Moreover, the evidence indicated that, although the complainant did not go to the hospital for medical treatment, she did

receive medical assistance from the ambulance team which arrived after the attack. This evidence, even in the absence of medical testimony, is sufficient to sustain a finding of "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]) necessary to support a finding of physical injury (see, People v Bogan, 70 NY2d 860; Matter of Christopher T., 156 AD2d 190; People v Weatherly, 144 AD2d 509; cf., Matter of Philip A., 49 NY2d 198).

Resolution of issues of credibility, as well as the weight accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Thompson, J. P., Rosenblatt, Miller and Santucci, JJ., concur.