■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO CINTRON, Appellant. [606 NYS2d 52] —Motion by the respondent for reargument of an appeal from a judgment of the Supreme Court, Queens County, rendered June 18, 1992.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and, upon reargument, the unpublished decision and order of this Court dated November 15, 1993, is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered June 18, 1992, convicting him of robbery in the third degree and grand

larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as the thief because the witnesses gave descriptions of the perpetrator that differed from the defendant's actual physical appearance when he was subsequently identified by one of the witnesses at a lineup. The defendant has failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his identity as the perpetrator beyond a reasonable doubt (see, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see, *Jackson v Virginia*, 443 US 307, 319; *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the third degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Both the victim and an eyewitness independently provided the license plate of the get-away car, which belonged to the defendant's ex-girlfriend, and the defendant, who plausibly fit the victim's description of the perpetrator, was then identified by an eyewitness at a lineup.

We note that grand larceny in the fourth degree, based upon the theory that the property was "taken from the person" of the victim (Penal Law § 155.30 [5]), is not a lesser included offense of robbery in the third degree (see, *People v Sidney*, 178 AD2d 445; see also *People v Glover*, 57 NY2d 61, 64). To the extent that another decision of this Court may be read to warrant a contrary conclusion (see, *People v Nelson*, 79 AD2d 171, 174, *cert denied sub nom. Usher v New York*, 454 US 869), it should not be followed. Mangano, P. J., Balletta, Copertino and Joy, JJ., concur.