■ In the Matter of ALBERT R., a Person Alleged to be a Juvenile Delinquent, Appellant. [627 NYS2d 929] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Spitz, J.), dated May 17, 1993, which, upon a fact-finding order of the same court, dated March 16, 1993, made after a hearing, finding that the appellant had committed acts, which if committed by an adult, would have constituted the crimes of robbery in the second degree and grand larceny in the fourth degree, adjudged him to be a juvenile delinquent and placed him under the supervision of the Westchester County Department of Probation for a period of one year. The appeal brings up for review the fact-finding order dated March 16, 1993.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the petition was not jurisdictionally defective. The supporting deposition set forth nonhearsay allegations establishing every element of each crime charged *(see,* Family Ct Act § 311.2 [3]). Additionally, the deposition was properly verified pursuant to CPL 100.30 (1) (b) *(see, Matter of Michael FF.,* 210 AD2d 758; *Matter of Kerwin C.,* 207 AD2d 890; *Matter of Kurt EE.,* 199 AD2d 945, 946; *Matter of Celeste S.,* 187 AD2d 274; *see generally, Matter of Neftali D.,* 85 NY2d 631).

Viewing the evidence in the light most favorable to the presentment agency *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the appellant's guilt of robbery in the second degree and grand larceny in the fourth degree beyond a reasonable doubt. The complainant and a witness testified that the appellant grabbed a chain from the complainant's neck. Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We note that grand larceny in the fourth degree, based upon the theory that the property was "taken from the person" of the victim (Penal Law § 155.30 [5]), is not a lesser-included offense of robbery in the second degree *(see, People v Cintron,* 199 AD2d 526, 527).

The Family Court did not improvidently exercise its discretion in ordering supervised probation rather than an adjournment in contemplation of dismissal *(see, Matter of Nikkia C.,* 187 AD2d 581, 582; *Matter of Rufino M.,* 168 AD2d 385, 386).

We have reviewed the appellant's remaining contentions and find them to be without merit. Miller, J. P., Pizzuto, Joy and Friedmann, JJ., concur.