■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LEE CARTER, Appellant. [631 NYS2d 735] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered October 20, 1993, convicting him of attempted robbery in the second degree (two counts) and attempted robbery in the third degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated April 3, 1995, the matter was remitted to the Supreme Court, Queens County, to hold a reconstruction hearing to determine whether the defendant was present at a *Sandoval* hearing conducted on September 1, 1993, and to file a report with this Court, and the appeal was held in abeyance in the interim *(see, People v Carter,* 214 AD2d 582). The Supreme Court has now filed its report.

Ordered that the judgment is affirmed.

At the reconstruction hearing the parties stipulated that the defendant was in fact present at the *Sandoval* hearing. Accordingly, the defendant's previous contentions to the contrary are unavailing.

Equally without merit are the defendant's arguments that the People adduced legally insufficient evidence that the complainant sustained physical injury. The complainant testified that during the course of the robbery the defendant and his accomplices repeatedly punched and kicked him, causing him to sustain cuts, bruises, and swelling. The complainant

received medical treatment and he further testified that he suffered "a lot" of pain for several weeks. Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, *People v Bogan*, 70 NY2d 860; *People v Thomas*, 195 AD2d 581; *People v Powell*, 181 AD2d 924). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.