■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TUCKER, Appellant. [634 NYS2d 218] —Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered March 25, 1994, convicting him of robbery in the second degree, assault in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, there was legally sufficient evidence adduced at trial to establish that the complainant suffered physical injury *(see,* Penal Law § 10.00 [9]), a necessary element of the charges of robbery in the second degree and assault in the second degree. The complainant testified that the defendant hit and pushed her in the face, causing her to fall to the floor. The complainant also testified that she received medical treatment and that she was unable to go to work for two weeks because of head and backaches.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Bogan,* 70 NY2d 860; *People v Carter,* 219 AD2d 732; *People v Thomas,* 195 AD2d 581; *People v Powell,* 181 AD2d 924). Moreover, upon the exercise of our factual review power, we find that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, because the defendant was convicted of robbery in the second degree pursuant to Penal Law § 160.10 (2) (a), his conviction of the lesser included offense of assault in the second degree pursuant to Penal Law § 120.05 (6) must be reversed and that count of the indictment dismissed *(see,* CPL 300.40 [3] [b]; *People v Brinson,* 216 AD2d 900; *People v Patterson,* 192 AD2d 1083; *Matter of Jamal M.,* 187 AD2d 654, 655; *People v Rogers,* 139 AD2d 782, 783).

We note that, contrary to the defendant's contention, grand larceny in the fourth degree based upon the theory that property was taken from the person of the victim *(see,* Penal Law § 155.30 [5]) is not a lesser included offense of robbery in the second degree *(see, Matter of Albert R.,* 215 AD2d 563; *People v Cintron,* 199 AD2d 526; *People v Sidney,* 178 AD2d 445).

The trial court did not improvidently exercise its discretion by denying the defendant's challenges for cause of two prospective jurors *(see, People v Williams,* 63 NY2d 882, 885; *People v Pagan,* 191 AD2d 651, 652). The record reveals that the prospective jurors in question did not possess states of mind that would have precluded them from rendering an impartial verdict *(see,* CPL 270.20 [1] [b]; *People v Williams, supra; People v Torpey,* 63 NY2d 361; *People v Creighton,* 215 AD2d 685; *People v Holder,* 204 AD2d 482, 483; *People v Pagan, supra).* O'Brien, J. P., Pizzuto, Santucci and Joy, JJ., concur.