■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MALE, Appellant. [643 NYS2d 370] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered October 13, 1994, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, grand larceny in the fourth degree, and criminal possession of a weapon in the third degree, upon a nonjury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620; *People v Harris,* 215 AD2d 586), the evidence adduced at trial was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The third count of the indictment charging the defendant with assault in the second degree (*see,* Penal Law § 120.05 [6]) was an inclusory concurrent count of robbery in the second degree as charged in the second count of the indictment (*see,* Penal Law § 160.10 [2] [a]) (*see, People v Rogers,* 139 AD2d 782). Therefore, that count must be dismissed (*see, People v Rogers, supra*). Thompson, J. P., Hart, Goldstein and McGinity, JJ., concur.