THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON FRANK, Appellant. [645 NYS2d 816]

There is no merit to the defendant's contention that his conviction should be reversed because his right to be present pursuant to CPL 260.20 was impinged when the court held sidebar conferences in his absence during jury selection (*see, People v Antommarchi,* 80 NY2d 247).

"A defendant's presence is substantially and materially related to the ability to defend when the defendant 'can potentially contribute to the proceeding' " (*see, People v Feliciano,* 88 NY2d 18, 26, quoting *People v Sprowal,* 84 NY2d 113, 118). A defendant's presence at sidebar conferences during jury selection enables the defendant to assess a prospective

juror's biases and contribute to selecting a jury (see, CPL 260.20; *People v Antommarchi, supra*).

Here, the sidebar conferences were conducted because a few prospective jurors and one sworn juror overheard a conversation between the defense counsel and the defendant's mother during which the defense counsel made disparaging remarks regarding the complainant's credibility. Because the nature of the inquiry during the sidebar conferences concerned a possible bias against the People's case, the defendant's presence would not have contributed to his defense (see, *People v Torres,* 80 NY2d 944, 945). Accordingly, reversal is not warranted (see, *People v Feliciano, supra).*

There is no merit as well to the defendant's contention that, pursuant to CPL 270.35, the discharge of the sworn juror who overheard the conversation was improper. CPL 270.35 is inapplicable here, since the sworn juror was discharged prior to the completion of jury selection.

Also unavailing is the defendant's contention that his conviction of grand larceny in the fourth degree should be reversed in light of his acquittal of the first and second degree robbery counts. The uncontradicted testimony that the defendant and the codefendant removed money from the complainant's person was legally sufficient to sustain his conviction of grand larceny in the fourth degree (see, Penal Law § 155.30 [5]) even if the People did not prove the robbery counts beyond a reasonable doubt (see, *People v Tucker,* 221 AD2d 670; *People v Cintron,* 199 AD2d 526, 527). Moreover, in the exercise of our factual review power, we find that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.