■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS F. ROSS, Appellant. [667 NYS2d 434] —Appeal by the defendant from a judgment of the County Court, Westchester County (Wells, J.), rendered January 19, 1994, convicting him of robbery in the second degree, assault in the second degree, grand larceny in the fourth degree, assault in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence. By decision and order of this Court dated September 23, 1996, the matter was remitted to the County Court, Westchester County, to hear and report on the question of whether the defendant was present at a side-bar conference when prospective juror number one was questioned during jury selection on October 26, 1993, and the appeal was held in abeyance in the interim (*see, People v Ross,* 231 AD2d 651). The County Court, Westchester County, has filed its report.

Ordered that the judgment is modified, on the law, by reversing the defendant's conviction for assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

At the reconstruction hearing, the County Court determined that the defendant was in fact present at the time that a side-bar conference with prospective juror number one was conducted. We find unpersuasive the defendant's contention that the County Court improperly restricted his cross-examination of certain witnesses at the hearing. Even if it is assumed that the defendant had a constitutional right of confrontation at the reconstruction hearing (*but see, People v Hameed,* 88 NY2d 232, 239, *cert denied* 519 US 1065), the record demonstrates that the County Court permitted ample cross-examination by the defense counsel and sustained objections to only a few irrelevant and inappropriate questions. Hence, the court did not improvidently exercise its broad discretion in controlling the scope of cross-examination (*see, People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846; *People v Dixon,* 228 AD2d 175; *People v Melcherts,* 225 AD2d 357). Inasmuch as the County Court's determination is supported by the record, the defendant's claim that he was denied the right to be present at the side-bar in violation of the principles discussed in *People v Antommarchi* (80 NY2d 247) is without merit.

As the People concede, the defendant correctly contends that his conviction of assault in the second degree (Penal Law § 120.05 [6]) must be reversed and that count of the indictment

dismissed. That offense is an inclusory concurrent count of the crime of robbery in the second degree (Penal Law § 160.10 [2] [a]), of which the defendant also was convicted (*see, People v Male,* 227 AD2d 502; *People v Tucker,* 221 AD2d 670; *People v Rogers,* 139 AD2d 782). However, since the crimes of grand larceny in the fourth degree and assault in the third degree as charged in this case are not inclusory concurrent counts of any of the other offenses of which the defendant was convicted, the defendant is not entitled to dismissal of those counts (*see generally, People v Tucker, supra).*

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Miller, Sullivan and Florio, JJ., concur.