■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMERALD VANDUYNE, Appellant. [701 NYS2d 99] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered November 9, 1995, convicting him of robbery in the second degree, assault in the second degree, grand larceny in the fourth degree, and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of assault in the second degree,

vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, his statements were made after he voluntarily, knowingly, and intelligently waived his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436; *People v Rose,* 223 AD2d 607).

As the People correctly concede, the defendant's conviction of assault in the second degree (*see,* Penal Law § 120.05 [6]) must be vacated since that offense is an inclusory concurrent count of the crime of robbery in the second degree (*see, People v Ross,* 246 AD2d 561; *People v Male,* 227 AD2d 502; *People v Tucker,* 221 AD2d 670). However, contrary to the defendant's contention, the crime of grand larceny in the fourth degree, based upon the theory that property was taken from the person of the victim, is not a lesser-included offense of robbery in the second degree (*see,* Penal Law § 160.10 [2]; *People v Ross, supra,* at 562; *People v Tucker, supra; Matter of Albert R.,* 215 AD2d 563, 564). Further, the charge of assault in the third degree is not a lesser-included offense of the offense of robbery in the second degree (*see, People v Ross, supra; People v Tucker, supra*).

The defendant's remaining contentions are either unpreserved for appellate review (*see,* CPL 470.05 [2]) or without merit. Ritter, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.