■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY SMITH, Appellant. [822 NYS2d 460]—Appeals by the defendant from (1) a judgment of the County Court, Orange County (DeRosa, J.), rendered November 8, 2002, convicting him of robbery in the first degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the fifth degree, and menacing under indictment No. 02-00025, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court also rendered November 8, 2002, convicting him of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (four counts) under indictment No. 02-00348, upon his plea of guilty, and imposing sentence.

Ordered that the judgment under indictment No. 02-00025 is modified, on the law, by vacating the sentence imposed for the conviction of criminal possession of a weapon in the third degree; as so modified, the judgment under Orange County indictment No. 02-00025 is affirmed, and the matter is remitted to the County Court, Orange County for resentencing in accordance herewith; and it is further,

Ordered that the judgment rendered under indictment No. 02-00348 is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree and criminal possession of a weapon in the third degree beyond a reasonable doubt under indictment No. 02-00025. Resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination

should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

As the People correctly concede, the court erred in sentencing the defendant as a persistent violent felony offender on the charge of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) under indictment No. 02-00025, as that charge does not qualify as a violent felony under the statute (*see* Penal Law § 70.08 [1] [a]). Therefore, the judgment must be modified to vacate the sentence on the conviction of criminal possession of a weapon in the third degree under indictment No. 02-00025, and the matter remitted for resentencing on that count.

The remainder of the sentences imposed were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.