■ In the Matter of ISMAILA M., a Person Alleged to be a Juvenile Delinquent, Appellant. [827 NYS2d 7]—

Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about July 20, 2005, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of assault in the second degree and obstructing governmental administration in the second degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. The evidence satisfied the elements of second-degree assault under a theory of intent to prevent a peace officer from performing a lawful duty, along with the elements of obstructing governmental administration. After appellant caused a disturbance in a school cafeteria, he refused to comply with a school safety officer's directives to sit down, screamed, cursed, flailed his arms, and

struggled with the officer, causing her to sprain her wrist as she attempted to remove him from the cafeteria and escort him to the principal's office. The evidence established that the officer was injured while she was clearly performing a lawful duty within the meaning of Penal Law § 120.05 (3), that she was likewise performing an official function within the meaning of Penal Law § 195.05, and that appellant acted with the requisite intent under both statutes (*see People v Jordan*, 7 AD3d 297 [2004], *lv denied* 3 NY3d 660 [2004]; *Matter of Quaniqua W.*, 25 AD3d 380 [2006]).

The evidence also established that the officer's sprained wrist caused "substantial pain," thereby satisfying the "physical injury" (Penal Law § 10.00 [9]) element of the assault charge (*see People v Guidice*, 83 NY2d 630, 636 [1994]). The officer was diagnosed with and treated for a sprained wrist at a hospital, and took ibuprofen for the pain. The injury caused her to miss a day of work, prevented her from writing for several days, and still caused pain six months after the injury. This injury was beyond the category of "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]). Concur—Buckley, P.J., Tom, Mazzarelli, Williams and McGuire, JJ.