■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO HERNANDEZ, Appellant. [832 NYS2d 205]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered May 13, 2003, convicting defendant, after a jury trial, of assault in the second degree and unlawful imprisonment in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of six years, unanimously affirmed.

Defendant's general motion for a trial order of dismissal failed to preserve the legal sufficiency claims he asserts on appeal, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. The evidence satisfied the elements of second-degree assault under a theory of intent to prevent a police officer from performing a lawful duty (Penal Law § 120.05 [3]). The officer was performing the lawful duty of investigating a possible crime in progress, or at least a public disturbance, and of restraining defendant, who was behaving in a threatening and belligerent manner (see *Matter of Ismaila M.*, 34 AD3d 373 [2006]). The evidence also supported the inference that defendant knew his victim was a police officer, and acted with the requisite intent.

Defendant's arguments concerning his unlawful imprisonment conviction, and his challenges to the court's charge, including his pro se claims, are likewise unpreserved and unavailing. Concur—Saxe, J.P., Williams, Buckley, Catterson and Malone, JJ.