THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE WADE, Appellant. [839 NYS2d 724]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered on or about March 18, 2005, convicting defendant, after a jury trial, of burglary in the second degree (two counts), assault in the second degree, grand larceny in the fourth degree (three counts), criminal possession of stolen property in the fourth degree (three counts), criminal possession of a controlled substance in the seventh degree, attempted assault in the third degree and criminal trespass in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 13 years, unanimously affirmed.

Viewed in context, the prosecutor's summation comment that "the question here is which version is more credible and who's telling the truth" did not shift the burden of proof. The prosecutor had expressly reminded the jury of the People's obligation to prove defendant's guilt beyond a reasonable doubt. Accordingly, there is no reasonable possibility that the jury could have been misled as to the burden of proof. We also find that the prosecutor did not misstate the evidence about a confrontation between defendant and a prosecution witness. Defendant's remaining challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We reject defendant's challenge to the legal sufficiency and weight of the evidence supporting the second-degree assault conviction. The evidence supports the conclusion that the officer's sprained wrist caused "substantial pain," thereby satisfying the "physical injury" element (*see e.g. Matter of Ismaila M.*, 34 AD3d 373, 374 [2006], *lv denied* 8 NY3d 808 [2007]). The officer was treated at a hospital for a sprained wrist, needed pain medication, and missed several days of work; thus, the injury was beyond the category of "petty slaps, shoves, kicks and the like" (*Matter of Philip A.*, 49 NY2d 198, 200 [1980]; *see also People v Chiddick*, 8 NY3d 445 [2007] [fingernail injury qualified as assault]).

Defendant's challenge to the legal sufficiency of the evidence supporting one of the burglary convictions is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that this verdict was based on legally sufficient evidence. We also find that it was not against the weight of the evidence. Defendant did not credibly explain his recent and exclusive possession of some of the property stolen in that burglary, and the evidence warranted an inference that he was the burglar (*see People v Galbo*, 218 NY 283, 290 [1916]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Sweeny, McGuire and Kavanagh, JJ.