■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANDAVERDE MALDONADO, Appellant. [847 NYS2d 649]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered March 3, 2006, convicting her of robbery in the first degree, robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree and the

sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), the evidence adduced at trial was legally sufficient to establish the defendant's guilt of robbery in the first degree and robbery in the second degree (two counts) beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt with respect to these counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

However, the fourth count of the indictment, charging the defendant with assault in the second degree (*see* Penal Law § 120.05 [6]), is an inclusory concurrent count of robbery in the second degree as charged in the third count of the indictment (*see* Penal Law § 160.10 [2] [a]; *People v VanDuyne*, 267 AD2d 408, 409 [1999]; *People v Ross*, 246 AD2d 561, 562 [1998]; *People v Male*, 227 AD2d 502, 503 [1996]; *People v Tucker*, 221 AD2d 670 [1995]; *People v Rogers*, 139 AD2d 782, 783 [1988]). Therefore, that count should have been dismissed (*see People v VanDuyne*, 267 AD2d 408 [1999]; *People v Ross*, 246 AD2d 561 [1998]; *People v Male*, 227 AD2d 502 [1996]; *People v Tucker*, 221 AD2d 670 [1995]; *People v Rogers*, 139 AD2d 782 [1988]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Miller, J.P., Spolzino, Ritter and Dickerson, JJ., concur.