■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY BAILEY, Appellant. [862 NYS2d 296]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered November 29, 2005, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of assault in the second degree under the second count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

As the People correctly concede, the defendant's conviction of assault in the second degree (*see* Penal Law § 120.05 [6]) must be vacated, and that count of the indictment dismissed, since that offense is an inclusory concurrent count of the crime of robbery in the second degree, as charged in the indictment (*see* CPL 300.40 [3] [b]; Penal Law § 160.10 [2] [a]; *People v*

*Maldonado,* 46 AD3d 842, 843 [2007]; *People v Leal,* 38 AD3d 917 [2007]; *People v VanDuyne,* 267 AD2d 408, 409 [1999]).

The defendant contends that the prosecutor engaged in misconduct during summation. The prosecutor's remarks were either fair comment on the evidence, responsive to the defense counsel's summation, or not so egregious as to have denied the defendant a fair trial (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Galloway,* 54 NY2d 396, 399 [1981]; *People v Barnes,* 33 AD3d 811, 812 [2006]; *People v Frary,* 29 AD3d 1223, 1225 [2006]; *People v McHarris,* 297 AD2d 824, 825 [2002]; *People v Evans,* 192 AD2d 671, 672 [1993]).

Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt on the count of robbery in the second degree was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.