■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN NADAL, Also Known as JOHN NADAL, Appellant. [868 NYS2d 719]

The defendant was convicted of several criminal charges stemming from acts of domestic violence perpetrated against his then-girlfriend over the course of four different days. On this appeal, the defendant raises a sundry list of legal issues, faulting the Supreme Court, the prosecution, and his own counsel. Among other issues, the defendant contends that the entirety of his statements made to the police prior to and after the administration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), should have been suppressed because the subsequent post-*Miranda* statement admitted into evidence was part of an improperly elicited continuous interrogation. However, since the defendant failed to raise this specific argument in support of suppression during the *Huntley* hearing (*see*

*People v Huntley,* 15 NY2d 72 [1965]), it is unpreserved for appellate review (*see People v Rogers,* 34 AD3d 504, 504-505 [2006]; *People v Thompson,* 27 AD3d 495, 496 [2006]; *People v Caballero,* 23 AD3d 1031, 1032 [2005]). In any event, the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins,* 36 NY2d 230, 237 [1975]; *People v Rhodes,* 49 AD3d 668, 669 [2008]).

The defendant's contention that the evidence was legally insufficient to support his convictions is similarly unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]).

The defendant's contention that he was denied the effective assistance of counsel rests on matters partially dehors the record and to that extent it may not be reviewed on direct appeal (*see People v Olson,* 35 AD3d 890, 890-891 [2006], *affd* 9 NY3d 968 [2007]). To the extent that the claim is based upon the record, the defendant received the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712-713 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendant's contention that the verdict was repugnant is unpreserved for appellate review and is, nevertheless, without merit (*see* CPL 470.05 [2]; *People v Alfaro,* 66 NY2d 985, 987 [1985]). As the People correctly concede, however, the defendant's convictions of assault in the second degree (*see* Penal Law § 120.05 [6]) as charged under indictment No. 02/1123 must be vacated, and those counts of the indictment dismissed. Those offenses are merely inclusory concurrent counts of robbery in the second degree (*see* Penal Law § 160.10 [2] [a]), as charged in the same indictment and under which he was

convicted (*see* CPL 300.40 [3] [b]; *People v Bailey*, 54 AD3d 419, 419-420 [2008]; *People v Maldonado*, 46 AD3d 842, 843 [2007]; *People v Leal*, 38 AD3d 917, 918 [2007]).

As the People also correctly concede, the court erred in sentencing the defendant as a persistent violent felony offender on the charge of criminal possession of a weapon in the third degree (*see* Penal Law § 265.02 [1]) under indictment No. 03/0155, as that charge does not qualify as a violent felony under the statute (*see* Penal Law § 70.08 [1] [a]; *People v Smith*, 33 AD3d 943, 944 [2006]). Therefore, the judgment rendered under indictment No. 03-00155 must be modified to vacate the sentence imposed on the conviction of criminal possession of a weapon in the third degree, and the matter remitted for resentencing on that count. The remainder of the sentences imposed were not excessive, however (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention raised in point 11 of his supplemental pro se brief, regarding the alleged violation of his right to confrontation, and his contention regarding the People's alleged failure to instruct the grand jury on the defense of justification, raised in point 17 of his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. The defendant's remaining contentions, raised in his supplemental pro se brief, to the extent they are reviewable on direct appeal, are without merit. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.