■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PINERO-BAEZ, Appellant. [890 NYS2d 6]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered June 9, 2008, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, and judgment, same court (Richard Carruthers, J.), rendered July 16, 2008, convicting defendant, upon his plea of guilty, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a concurrent term of 10 years, unanimously affirmed.

The court properly exercised its discretion in permitting the People to introduce a threatening statement, containing the words "I shoot people," that defendant made to a court officer who was trying to escort him back to Department of Correction custody following a court appearance. This entire statement, including the quoted phrase, expressed a threat to use force against the officer, and was highly probative of defendant's intent to prevent the officer "from performing a lawful duty" (Penal Law § 120.05 [3]). In any event, even if the phrase "I shoot people" should have been redacted, its admission was harmless.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There was ample evidence to support the element of physical injury (*see e.g. People v Wade*, 41 AD3d 288 [2007], *lv denied* 9 NY3d 883 [2007]). That element can be established through a victim's credible description of his or her injuries (*see People v Guidice*, 83 NY2d 630, 636 [1994]); in any event, the officer's testimony was corroborated by medical records.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.