■ In the Matter of IMANI MC., Appellant. [911 NYS2d 381]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of fact-finding and disposition of the Family Court, Dutchess County (Posner, J.), dated September 16, 2009, which, after a hearing, found that the appellant committed acts which, if committed by an adult, would have constituted assault in the second degree and assault in the third degree, adjudged her to be a juvenile delinquent, and placed her on probation for a period of 18 months.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

Contrary to the presentment agency's contention, the appellant's argument that the complainant did not sustain a "physical injury" within the meaning of Penal Law § 10.00 (9) is preserved for appellate review, since the appellant's attorney's arguments in moving to dismiss the petition were sufficiently specific to alert the Family Court to the appellant's position (*cf.* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *see also People v Rose*, 41 AD3d 742, 742 [2007]; *People v Blocker*, 23 AD3d 575, 575 [2005]). However, contrary to the appellant's contention, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Ashley P.*, 74 AD3d 1075, 1075-1076 [2010]; *Matter of Eddie J.*, 68 AD3d 870 [2009]), we find that the evidence was legally sufficient to establish, beyond a reasonable doubt, the "physical injury" element of the crimes of assault in the second degree and assault in the third degree (*see* Penal Law § 10.00 [9]; § 120.00 [1]; § 120.05 [2]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Stanley F.*, 76 AD3d 1067 [2010]; *Matter of Hasan C.*, 59 AD3d 617, 617-618 [2009]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Stanley F.*; 76 AD3d 1067 [2010]; *Matter of Daniel R.*, 51 AD3d 933 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the Family Court's fact-finding determination was not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *cf. People v Romero*, 7 NY3d 633 [2006]). The evidence established that the complainant was attacked by a group of girls who punched her, and, when she fell to the ground, kicked and punched her repeatedly. As a result of the attack, the complainant sustained a sprained left wrist that was still sprained at the time of the fact-finding hearing, more than eight months after the attack. She experienced back and neck pain. She also had a "big knot" on her head and a large bump on the side of her face from being punched. Additionally, the complainant's chest was bruised, and she testified that it hurt "a lot." The complainant testified that she experienced pain for three to four days after the attack. Even in the absence of expert medical testimony (*see People v Gordon*, 47 AD3d 833, 834 [2008]; *People v Thomas*, 195 AD2d 581, 582 [1993]), this evidence was sufficient to support the determination that the complainant sustained a "physical injury" within the meaning

of Penal Law § 10.00 (9) (*see Matter of Ismaila M.*, 34 AD3d 373, 374 [2006]; *Matter of Jason J.*, 187 AD2d 652, 653 [1992]; *cf. People v Wade*, 41 AD3d 288, 288 [2007]; *People v Morales*, 245 AD2d 467, 468 [1997]; *People v Carter*, 219 AD2d 732, 732-733 [1995]; *People v Thomas*, 195 AD2d at 581-582).

The appellant's remaining contentions are without merit. Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.