# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**968**

**KA 14-00232**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

NORRIS D. HENDRIX, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (ERIC R. SCHIENER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered December 12, 2013.  The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [3]) arising from an incident in which a correction officer at the correctional facility where defendant was incarcerated was injured while performing a pat frisk of defendant.  Defendant contends that he was denied a fair trial by several alleged instances of prosecutorial misconduct, but we note that defendant failed to preserve his contention for our review with respect to any of those instances.  In any event, we conclude that "[a]ny 'improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968, *lv denied* 100 NY2d 583).

Defendant further contends that he was denied effective assistance of counsel by his attorney's failure to object to the alleged instances of prosecutorial misconduct and failure to request a jury charge on the justified use of physical force pursuant to Penal Law § 35.15.  With respect to the alleged instances of prosecutorial misconduct, inasmuch as they were not so egregious as to deprive defendant of a fair trial, defense counsel's failure to object thereto did not deprive defendant of effective assistance of counsel (*see People v Koonce*, 111 AD3d 1277, 1279).  With respect to the jury charge on justification, we conclude that defendant failed to demonstrate the absence of a strategic or other legitimate explanation for defense counsel's decision not to request that charge (*see*

*generally People v Benevento*, 91 NY2d 708, 712).  Indeed, defendant testified that he did not use physical force against the correction officer, and we therefore cannot conclude that defense counsel was ineffective for failing to seek a jury charge covering force that defendant swore he did not use.

Finally, defendant contends that the verdict is against the weight of the evidence because the testimony of the correction officer regarding his injuries and the way they were sustained is incredible as a matter of law.  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495).  The injuries sustained by the correction officer, including a mild concussion and headaches (*see People v Newman*, 71 AD3d 1509, 1509-1510, *lv denied* 15 NY3d 754), were described in his testimony and corroborated by the testimony of the medical providers who treated him, as was the manner in which they were sustained, which the jury found probative of defendant's intent to prevent the correction officer "from performing a lawful duty" (Penal Law § 120.05 [3]; *see People v Pinero-Baez*, 67 AD3d 469, 469, *lv denied* 13 NY3d 941).  We perceive no basis to disturb the jury's credibility determinations with respect to that testimony.

Entered:  October 9, 2015                    Frances E. Cafarell
                                             Clerk of the Court