■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY FULLER, Appellant. — Appeal by defendant from a judgment of the County Court, Orange County (Ingrassia, J.), rendered November 13, 1980, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered.

On a prior appeal we reversed defendant's conviction in the interest of justice, on the ground that the trial court's charge on the issue of justification was insufficient. We stated, "[u]nder circumstances where the evidence indicates that the defendant shot his victim during a time in which the victim was attempting to commit a robbery, it is error not to charge the jury that a person is justified in using deadly physical force if he reasonably believed it necessary to use such force in order to resist his victim's imminent use of physical force against himself, in the course of a robbery attempt" (*People v Fuller,* 74 AD2d 879).

Upon retrial, defendant was convicted. However we again reverse and order a new trial because the trial court failed to correctly charge the jury on justification.

Penal Law § 35.15 (2) (a) in pertinent part provides that deadly physical force may not be used upon another person unless the accused "reasonably believes that such other person is using or about to use deadly physical force. Even in such case, however, the [accused] may not use deadly physical force if he knows that he can with complete safety as to himself and others avoid the necessity of so doing by retreating". Paragraph (a) also sets forth two exceptions to the duty to retreat. Paragraph (b) of subdivision (2) provides that the accused may use deadly physical force upon another person when "[h]e reasonably believes that such other person is committing or attempting to commit [*inter alia* a] robbery".

Paragraphs (a) and (b) therefore represent two distinct grounds for the justified use of deadly physical force. In the case at bar, the trial court's charge treated paragraph (b) as if it were merely an additional clause of paragraph (a) dispensing with the duty to retreat, rather than what it truly is, namely, an independent basis for permitting the use of deadly physical force.

As we stated on the prior appeal, "in cases where justification is the central issue to be decided, we have held that such error warrants a new trial in the interests of justice" (*People v Fuller*, 74 AD2d 879, *supra*). Accordingly, the judgment is reversed and a new trial ordered. Mollen, P. J., Titone, Bracken and Rubin, JJ., concur.