■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD COLEMAN, Appellant.—Judgment unanimously reversed, on the law and as a matter of discretion in the interest of justice, and indictment dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: In this appeal from a conviction, following a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, defendant asserts that the court's charge to the jury on the defense of justification was erroneous as a matter of law. We agree. Defendant was originally charged with murder in the second degree in the beating and stabbing death of Dallas Thompson in the victim's apartment on July 10, 1982. Defendant was arrested on July 23, 1982 after his fingerprint was identified on the blade of a knife found in the apartment. After being advised of his rights, defendant gave a videotape statement in which he claimed that when he went to the victim's apartment to borrow his car, Thompson, who was holding a butcher knife in his hand, made a homosexual proposition. Defendant maintained that he rejected the proposition and when he was unable to get out of the apartment, a struggle ensued during which he stabbed Thompson twice. At trial, defendant submitted a specific request for instructions to the jury on the defense of justification which the court did not adopt. In our

view, the charge given by the court on the justification defense was inadequate and denied defendant his right to a fair trial.

Penal Law § 35.15 (2) (a), (b) set forth two distinct grounds for the justified use of deadly physical force. In this case the court improperly combined the two into a single ground which contained elements of both paragraphs, treating paragraph (2) (b) as if it were a part of paragraph (2) (a) instead of as a separate and independent theory of defense *(People v Fuller,* 108 AD2d 822). In considering whether the trial court's charge to the jury was adequate, the record must be considered most favorably to defendant *(People v Padgett,* 60 NY2d 142, 144; *People v Watts,* 57 NY2d 299, 301; *People v Steele,* 26 NY2d 526, 529). There was evidence which, if believed, raised an issue of fact whether defendant's use of deadly physical force was justified either in response to the imminent use of deadly physical force against him (Penal Law § 35.15 [2] [a]) or to defend himself against an attempted forcible sodomy (Penal Law § 35.15 [2] [b]). Although the evidence at trial would, if believed, support either of the two separate and distinct grounds for the justified use of deadly physical force, the court's instruction to the jury only charged the first ground contained in paragraph (a) and failed to instruct as to paragraph (b).

Although the question of a failure to charge properly is not preserved for our review as a matter of law where no exception was taken at trial, in cases where justification is the central issue to be decided such error warrants a new trial in the interest of justice *(People v Fuller, supra).* (Appeal from judgment of Supreme Court, Erie County, Francis, J.—manslaughter, first degree, and another offense.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.