▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAWN CHEESEBORO, Appellant. [860 NYS2d 126]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered April 6, 2006, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court's charge with respect to the justification defense was improper because it did not include specific language on excessive force is unpreserved for appellate review since he failed to object to the charge on this ground, and failed to request supplemental instructions (*see* CPL 470.05 [2]; *People v Moultrie*, 6 AD3d 730 [2004]). In any event, the trial court's instructions adequately conveyed the appropriate standard (*see People v Strong*, 256 AD2d 427 [1998]; *People v Martinez*, 243 AD2d 732 [1997]). Moreover, the defendant was not denied the effective assistance of counsel by his attorney's failure to object to the charge (*see People v Baldi*, 54 NY2d 137 [1981]; *People v Seaton*, 45 AD3d 875 [2007], *lv denied* 10 NY3d 816 [2008]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Fisher, J.P., Santucci, Angiolillo and McCarthy, JJ., concur.

▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE COLLIER, Appellant. [857 NYS2d 918]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 12, 2006 (*People v Collier*, 35 AD3d 628 [2006]), affirming a judgment of the Supreme Court, Queens County, rendered August 2, 2004.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Ritter, Santucci and Miller, JJ., concur.