■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL MOONEY, Also Known as DANIEL GARCIA, Appellant. [878 NYS2d 430]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered March 20, 2006, convicting him of assault in the first degree, assault in the second degree, reckless endangerment in the first degree, vehicular assault in the second degree (two counts), aggravated unlicensed operation of a motor vehicle, criminal mischief in the fourth degree, and operating a motor vehicle while under the influence of alcohol (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 20, 2005 the defendant engaged police officers from the Town of Chester and the Village of Chester in a high-speed

chase. At the time, the defendant was intoxicated, without a valid driver's license, and on parole in both New York and New Jersey. The terms of the defendant's parole in New Jersey required that he receive permission before leaving the state, which he did not have. At times during the chase, the defendant drove at speed of approximately 70 to 75 miles per hour, in excess of the posted speed limit, drove through a residential area, crossed over a grassy median and made a U-turn into oncoming traffic, almost collided with approximately three other vehicles, including one of the police cars pursuing him, ran through stop signs, and turned his headlights off before he sped around a curve and collided head-on with a Town of Chester police car, causing injury to the police officer driving the vehicle and to the passenger in his vehicle.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]; *People v Santos,* 86 NY2d 869 [1995]; *People v Jean-Baptiste,* 57 AD3d 566 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant acted with the culpable mental state of depraved indifference to human life and, thus, supported his convictions of assault in the first degree and reckless endangerment in the first degree (*see* Penal Law § 120.10 [3]; § 120.25; *People v Feingold,* 7 NY3d 288 [2006]; *People v Gonzalez,* 288 AD2d 321 [2001]; *People v Walker,* 258 AD2d 541 [1999]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Furthermore, the defendant's claim that the jury charge relating to the two counts of vehicular assault in the second degree did not match the language of the indictment is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the charge given to the jury was proper, and "the jury is presumed to follow the court's instructions" (*People v Lugo,* 218 AD2d 711, 711 [1995]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Spolzino, J.P., Fisher, Miller and Balkin, JJ., concur.