THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN THOMAS, Appellant. [888 NYS2d 888]—

The court properly denied defendant's motion to suppress the results of a blood test. The test was not the product of an unlawful arrest, because the police had probable cause to believe defendant had driven while intoxicated, based on such factors as the odor of alcohol on his breath, his slurred speech, his uncooperative behavior, and the fact that he had evidently caused a very serious traffic accident. Under the circumstances, defendant's Alco-Sensor reading, which was slightly below the legal limit, was far from conclusive, and it did not undermine probable cause. We have considered and rejected defendant's remaining arguments concerning the blood test, including those contained in his pro se supplemental brief.

We reject defendant's challenge to the sufficiency of the evidence supporting his conviction of reckless endangerment in the first degree. Defendant's egregious conduct, viewed as a whole, supported the conclusion that he acted with the culpable mental state of depraved indifference to human life (*see People v Feingold*, 7 NY3d 288 [2006]; *People v Mooney*, 62 AD3d 725 [2009]).

The record does not establish that defendant's sentence was based on any improper criteria, and we perceive no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and Abdus-Salaam, JJ.