■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELANIE WEBB, Appellant. [984 NYS2d 609]—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County (Buchter, J.), imposed November 22, 2011, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

Under the circumstances presented, the defendant's purported waiver of her right to appeal was invalid (see People v Bradshaw, 18 NY3d 257 [2011]; People v Lopez, 6 NY3d 248 [2006]) and, thus, does not preclude review of her excessive sentence claim. However, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Eng, P.J., Mastro, Hall and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN WHITNEY, Appellant. [984 NYS2d 608]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered August 4, 2011, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court's instructions to the jury on the defense of justification were misleading is unpreserved for appellate review (see CPL 470.05 [2]; People v Bond, 90 NY2d 877, 878 [1997]; People v Adams, 55 AD3d 616 [2008]; People v Henry, 306 AD2d 539 [2003]). In any event, the contention is without merit, as the charge in its entirety conveyed the correct rule to be applied with respect to the justification defense (see People v Canty, 60 NY2d 830, 832 [1983]; People v Strong, 256 AD2d 427 [1998]).

Accordingly, counsel was not ineffective for failing to object to the charge (see People v Cheeseboro, 52 AD3d 526 [2008]). The defendant's attorney provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]). Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.