■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MARTIN, Also Known as ROMAN MARTIN, Appellant. [35 NYS3d 476]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered November 29, 2012, convicting him of attempted assault in the first degree, assault in the third degree, and criminal obstruction of breathing or blood circulation, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the complainant testified that the defendant, with whom she was previously acquainted, assaulted her during a visit to her apartment. The complainant stated that during the course of the assault and ensuing struggle; the defendant attempted to choke her, first with a shoelace and then with a telephone cord, attacked her with a knife, punched her in the face several times, and bit her on the arm and cheek. As a result of the attack, the complainant sustained injuries including ligature marks on her neck, and lacerations on her hand and chest. The defendant raised a justification defense, taking

the stand to testify that it was the complainant who first attacked him by pushing him into the wall, pulling down his pants, grabbing his "groin area," and telling him "you know what I want, just give it to me." The defendant testified that he then "knew that [the complainant] wanted to have sex with [him]." The defendant denied having cut the complainant or using anything to strangle or choke her, admitting only to punching her in the face three times in order to free himself from her hold on his genitals.

On appeal, the defendant contends that defense counsel was ineffective because he did not object to certain alleged errors committed by the Supreme Court during its charge to the jury on the defense of justification, and that this deprived him of a fair trial. We disagree.

Initially, the defendant contends that the Supreme Court erred in its charge to the jury regarding the defense of justification. Specifically, the defendant contends that the court should have charged justification with respect to each count as an element of each count, rather than give a comprehensive justification instruction after having charged the jury with respect to all counts in the indictment. However, we find that the court's charge, taken as a whole, conveyed to the jury the correct standard (*see People v Medina*, 18 NY3d 98, 104 [2011]; *People v Whitney*, 117 AD3d 762 [2014]). Since the instruction was adequate in that respect, defense counsel's failure to object to it did not constitute ineffective assistance of counsel (*see People v Delmas*, 115 AD3d 758 [2014]).

The defendant also contends that counsel was ineffective because he did not object to the Supreme Court's instruction regarding the justified use of deadly physical force, and failed to request an alternative instruction. In this regard, the defendant contends that the court should have instructed that, in addition to proving the defendant's guilt of the charged crimes beyond a reasonable doubt, the People had to prove beyond a reasonable doubt that the defendant was not justified in attempting to use a knife to cause serious injury to the complainant to prevent the complainant from forcibly raping him (*see* Penal Law § 35.15 [2] [b]; *People v Irving*, 130 AD3d 844, 845 [2015]; *People v Coleman*, 122 AD2d 568, 569 [1986]). However, such a theory of justification was inconsistent with the defendant's own testimony, in which he denied that he slashed the complainant. In fact, the defendant testified that he had "no idea" how the complainant sustained laceration injuries. Since the proposed justification instruction applied to the use of deadly force to defend against rape, and the defendant denied

using, or attempting to use such force, the defendant failed to demonstrate the absence of a strategic or other legitimate explanation for defense counsel's failure to object or to request that charge (*see People v Hendrix*, 132 AD3d 1348 [2015]; *see generally People v Benevento*, 91 NY2d 708, 712 [1998]). Indeed, since the defendant testified that he did not use deadly force against the complainant, we cannot conclude that defense counsel was ineffective for failing to seek a jury charge covering deadly force that the defendant swore he did not use (*see People v Hendrix*, 132 AD3d at 1348-1349; *People v Moore*, 66 AD3d 707, 711 [2009], *affd* 15 NY3d 811 [2010]).

Finally, in this regard, the defendant contends that counsel was ineffective for failing to object when, in response to a jury inquiry, the Supreme Court did not again charge the jury concerning the defense of justification as it had originally charged. However, this was not reversible error (*see People v Almodovar*, 62 NY2d 126, 132 [1984]; *People v Grant*, 127 AD3d 990 [2015]). The court's response to the jury inquiry adequately answered the inquiry and explained the correct standard regarding the defense of justification. Thus, defense counsel's failure to object did not constitute ineffective assistance of counsel (*see People v Delmas*, 115 AD3d 758 [2014]).

The defendant also contends that the Supreme Court improperly admitted evidence of a prior altercation between the complainant and a third party. Since the People never established a connection between that incident and the instant matter, the evidence was irrelevant (*see People v Giles*, 11 NY3d 495, 499 [2008]; *People v Scarola*, 71 NY2d 769, 777 [1988]). Nevertheless, the error in admitting the evidence does not warrant reversal. The alleged bad act, which did not involve the defendant, did not present a *Molineux* issue (*People v Molineux*, 168 NY 264 [1901]), since it could show nothing about the defendant's propensity (*see People v Arafet*, 13 NY3d 460, 465 [2009]). In any event, the court's comprehensive instruction to the jury immediately following the testimony in question was sufficient to offset any potential for prejudice, as the jury is presumed to have followed the trial court's limiting instructions, and that presumption is appropriate here (*see People v Morris*, 21 NY3d 588, 598 [2013]; *People v Harris*, 117 AD3d 847, 854 [2014], *affd* 26 NY3d 1 [2015]; *People v Mooney*, 62 AD3d 725, 726 [2009]).

The sentence imposed was not excessive.

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.