People v Perez-Coira (2018 NY Slip Op 04572)





People v Perez-Coira


2018 NY Slip Op 04572


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-10408
 (Ind. No. 13-00534)

[*1]The People of the State of New York, respondent,
v
Juan Perez-Coira, appellant.


Larkin, Ingrassia & Tepermayster, LLP, Newburgh, NY (John Ingrassia and Chelsy Jones of counsel), for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Itamar J. Yeger of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (James W. Hubert, J.), rendered September 21, 2015, convicting him of murder in the second degree (two counts), attempted criminal sexual act in the first degree, and attempted rape in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court improperly considered the lesser included offenses of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50[1]) and attempted rape in the first degree (Penal Law §§ 110.00, 130.35[1]) is unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19; People v Cheeseboro, 52 AD3d 526) and, in any event, without merit (see CPL 300.50; People v Glover, 57 NY2d 61).
The defendant's challenges to the legal sufficiency of the evidence with respect to his convictions of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50[1]) and attempted rape in the first degree (Penal Law §§ 110.00, 130.35[1]) are unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492-493; People v Hines, 97 NY2d 56, 61; People v Gray, 86 NY2d at 19-21) and, in any event, without merit (see People v Spagnualo, 5 AD3d 995, 996-997; People v Urbina, 248 AD2d 123; People v Haims, 171 AD2d 878, 879).
The defendant's contention that the evidence was legally insufficient to support his convictions of two counts of murder in the second degree (Penal Law § 125.25[3]) is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d at 492-493; People v Hines, 97 NY2d at 61; People v Gray, 86 NY2d at 19-21) and, in any event, without merit (see People v Davis, 28 NY3d 294, 300-302).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon [*2]reviewing the record here, we are satisfied that the verdict of guilt with respect to the convictions of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50[1]), attempted rape in the first degree (Penal Law §§ 110.00, 130.35[1]), and two counts of murder in the second degree (Penal Law § 125.25[3]) were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court