People v Harris (2023 NY Slip Op 03929)

People v Harris

2023 NY Slip Op 03929

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2019-09686
 (Ind. No. 1836/17)

[*1]The People of the State of New York, respondent, 
v
John Harris, appellant.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Joseph M. DiPietro of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Debra Stevens Modica, J.), rendered August 5, 2019, convicting him of assault in the first degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was arrested and charged, inter alia, with two counts of assault in the first degree as a result of an incident in which he hit the complainant in the face with an unknown hard object several times and punched him in the face multiple times, causing extensive facial injuries requiring emergency and reconstructive surgical interventions. At trial, the defendant raised a justification defense, arguing that it was the complainant who attacked him and that he had merely defended himself with his fists.
"[A]s his motion to dismiss made at the close of evidence was not sufficiently specific" (People v Pearsall, 171 AD3d 1096, 1096), the defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support his convictions insofar as the People failed to establish that he used a dangerous instrument (see Penal Law § 120.10[1]), and that he intended to disfigure the complainant seriously and permanently or to destroy, amputate or disable a member or organ of his body as required under Penal Law § 120.10(2) (see CPL 470.05[2]). However, the defendant did preserve for appellate review his contention that the evidence was legally insufficient to support his assault convictions insofar as the People failed to disprove his justification defense, in that the People failed to prove that he used deadly force and that he was the initial aggressor and to disprove that the complainant was about to use physical force against him. In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of each count of assault in the first degree beyond a reasonable doubt (see Penal Law § 120.10[1], [2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, [*2]7 NY3d 633).
The defendant only partially preserved for appellate review his contention concerning the Supreme Court's charge on justification (see CPL 470.05[2]). In any event, under the particular facts of this case, the court properly charged the jury on deadly physical force and properly tailored its charge on justification to the facts of this case (see CPL 300.10[2]).
The defendant's contentions that certain testimony elicited and questions posed by the prosecutor during the People's direct case, as well as a certain line of questioning during the cross-examination of the defendant's witnesses, and certain comments made by the prosecutor during summation were improper are partially unpreserved for appellate review (see CPL 470.05[2]). In any event, the defendant's contentions are without merit. The defendant's claim of ineffective assistance of counsel is without merit (see People v Pearsall, 171 AD3d at 1096; People v Martin, 141 AD3d 734, 735-736).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court