People v Blue (2024 NY Slip Op 03490)

People v Blue

2024 NY Slip Op 03490

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2010-02842
 (Ind. No. 397/09)

[*1]The People of the State of New York, respondent,
v
Mark A. Blue, appellant.

Mark Diamond, Pound Ridge, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Robert M. DiBella, J.), rendered February 22, 2010, convicting him of attempted murder in the second degree, assault in the first degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court did not err by certifying the People's witness as an expert in general medicine. The testimony of the witness, who worked as a resident physician at four different hospitals and had performed approximately 200 surgeries, supported the conclusion that he possessed the "requisite skill, training, education, knowledge, or experience to render a reliable opinion" in the field of general medicine (People v Elmore, 175 AD3d 1423, 1423; see People v Menendez, 50 AD3d 1061, 1061-1062).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's challenge to the Supreme Court's response to the jury's question during deliberations is only partially preserved for appellate review (see People v Cruz, 137 AD3d 1158, 1159). In any event, the court made it clear to the jury that the People did not need to prove the defendant's intent "beyond all doubt or beyond a shadow of a doubt," but rather "beyond a reasonable doubt." Although the court, at the time of this exchange, denied the defendant's request to instruct the jury that "probably is not enough," the court had charged the jury in its initial instructions that "it is not sufficient to prove that the defendant is probably guilty." The court also responded properly to the jury's mention of "depraved indifference," a term the jury raised on its [*2]own accord in its question. The court differentiated between a depraved indifference crime and the three crimes at issue and clarified that depraved indifference did not equate to intent. Accordingly, the court's instructions, as a whole, conveyed the correct legal standards to the jury (see People v Medina, 18 NY3d 98, 104; People v Wilson, 141 AD3d 737, 738).
The defendant's contention that the Supreme Court should have sua sponte instructed the jury on the defense of justification is unpreserved for appellate review (see People v Whitney, 117 AD3d 762, 762). In any event, the contention is without merit. Viewing the evidence in the light most favorable to the defendant, there was no reasonable view of the evidence that supported a jury charge on justification (see People v Jacaruso, 189 AD3d 1263, 1264).
The defendant's assertion that the Supreme Court should have instructed the jury on the definition of "death" in relation to the charge of attempted murder in the second degree is unpreserved for appellate review and, in any event, without merit, since the crime of attempted murder in the second degree "'does not require actual physical injury to a victim at all'" (People v Gunn, 176 AD3d 862, 864, quoting People v Fernandez, 88 NY2d 777, 783).
The defendant's contention that he received ineffective assistance of counsel due to his trial counsel's failure to preserve certain issues for appellate review is without merit. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that the defendant's trial counsel provided meaningful representation (see People v Maxwell, 89 AD3d 1108, 1109), and the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The defendant's remaining contention is not properly before this Court.
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court